J. C. PENNEY COMPANY, Inc., a Delaware corporation, Plaintiff,

v.

PARRISH COMPANY, Inc., an Idaho corporation, Defendant.

Civ. No. 1 71 64.

United States District Court,
D. Idaho.

March 3, 1972.

See also D. C., 335 F.Supp. 209.

Peter J. Boyd, Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, Allan D. Shafter and John Henry Andrew, New York City, for plaintiff.

Max F. Parrish, Pocatello, Idaho, for defendant.

## FINAL DECREE

FRED M. TAYLOR, District Judge.

This cause coming on for trial, the Court having considered the record, including the evidence and the briefs and argument of counsel, and being fully advised in the premises, hereby finds that:

1. Plaintiff, J. C. Penney Company, Inc., a Delaware corporation with its principal place of business at New York, New York.

2. Defendant, Parrish Company, Inc., is an Idaho corporation with its principal place of business at Pocatello, Idaho.

3. Plaintiff is the owner of the trade names J. C. PENNEY, PENNEY and PENNEYS and of the trademarks PENNEYS, PENNEY'S, P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN and ADONNA, which trademarks are registered in the United States Patent Office, and the registrations of which are valid and subsisting.

4. The goodwill appertaining to plaintiff's trade names and trademarks is worth far in excess of $10,000.00.

5. Plaintiff's trade names and trademarks are "private labels", i. e., plaintiff does not authorize their use by others engaged in retail trade.

6. Defendant has advertised for sale, displayed and sold, without plaintiff's authorization, merchandise bearing plaintiff's trade names and trademarks.

7. The advertising, display and/or sale by defendant of merchandise bearing plaintiff's trade names and/or trademarks is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the merchandise so advertised, displayed or sold.

8. The advertising, display and/or sale by defendant of merchandise bearing plaintiff's trade names and/or trademarks is likely to cause confusion or misunderstanding as to defendant's affiliation, connection, or association with, or certification by plaintiff.

9. The aforesaid acts of defendant create the likelihood of injury to plaintiff's business reputation and of the dilution of the distinctive quality of plaintiff's trade names and trademarks.

10. Unless defendant is enjoined from continuing its unauthorized use of plaintiff's trade names and trademarks, plaintiff will suffer irreparable injury and plaintiff is without an adequate remedy at law.

Further, the Court concludes that:

1. This Court has jurisdiction of the parties hereto and the subject matter hereof.

2. Ownership of goods does not carry the right to sell them with specific trade names or trademarks. (A. Bourjois & Co. v. Katzel, 260 U.S. 689, 43 S. Ct. 244, 67 L.Ed. 464 (1923); In re Northern Pigment Co., 71 F.2d 447, 454, 22 C.C.P.A. 166 (1934); Frischer & Co. v. Bakelite Corp., 39 F.2d 247, 259 (CCPA 1930), cert. denied, Frischer & Co. v. Tarriff Comm. & Bakelite Corp., 282 U.S. 852, 51 S.Ct. 29, 75 L.Ed. 755 (1930).

3. The owner of a "private label" trade name or trademark, who has not authorized its use by another, may prevent its unauthorized use by such other in the advertising or sale of goods or services.

4. The unauthorized advertising, display and/or sale by defendant of merchandise bearing plaintiff's "private label" trade names and/or trademarks constitutes statutory and common law trademark infringement. (15 U.S.C. § 1114).

5. The unauthorized advertising, display and/or sale by defendant of merchandise bearing plaintiff's "private label" trade names and/or trademarks constitutes the use of a false description or representation in violation of 15 U.S. C. § 1125(a).

6. The unauthorized advertising, display and/or sale by defendant of merchandise bearing plaintiff's "private label" trade names and/or trademarks constitutes common law unfair competition.

7. The unauthorized advertising, display and/or sale by defendant of merchandise bearing plaintiff's "private label" trade names and/or trademarks constitutes unfair and deceptive trade practices in violation of Section 48–603, Idaho Code, known as the Idaho Consumer Protection Act (the Uniform Deceptive Trade Practices Act).

8. The unauthorized advertising, display and/or sale by defendant of merchandise bearing plaintiff's "private label" trade names and/or trademarks constitutes a violation of Section 48–512, Idaho Code, known as the anti-dilution section of the Idaho Trade-Marks Act.

Pursuant to the foregoing findings and conclusions, it is hereby ordered, adjudged and decreed:

That defendant, Parrish Company, Inc., and its Parrish Furniture & Appliances store, their officers, agents, representatives, employees and successors and all other persons in active concert and participation with them, should be and they are hereby permanently enjoined from displaying, offering for sale, advertising for sale, or selling any merchandise which bears any of plaintiff's trade names or trademarks, J. C. PENNEY, PENNEY, PENNEY'S, P symbol, TOWNCRAFT, CAROL EV-

ANS, GAYMODE, ARRESTA–RUN and ADONNA; provided, however, that when defendant has purchased, in railroad freight car units, merchandise of a nature and identification unknown to it, the resale of said merchandise, in units of one or more railroad freight cars, shall not constitute a violation of this injunction if defendant or its agents have not discerned the nature and identification of said merchandise prior to such resale and defendant has given notice to its vendee, assignee or transferee in the form of a written statement appearing upon the document evidencing such transaction, stating in essence that if any merchandise contained therein bears any of plaintiff's trade names or trademarks, J. C. PENNEY, PENNEY, PENNEY'S, P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN or ADONNA, said vendee, assignee or transferee does not have the right to offer for sale, advertise for sale or sell such merchandise unless plaintiff's trade names and trademarks have been removed therefrom.